UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BRIDGE POINT YACHT CENTER INC. and ANTHONY GIAIMIS | * * * | CIVIL ACTION NO. 2:13-cv-257 |
| VERSUS | * * | JUDGE MINALDI |
| | * | MAGISTRATE JUDGE KAY |
| CALCASIEU PARISH SHERIFF'S OFFICE, CITY OF WESTLAKE, JOHN DUGAS, JOHN HENDERSON, PHIL ROBERTSON, ED BORDA, LEONARD GADDY, BERT HOOPER, ROBERT TRAHAN, and THOMAS RICHMOND | * * * * * * * | |

## MEMORANDUM ORDER

Before the court is the Motion to Remand on behalf of plaintiffs, Bridge Point Yacht Center, Inc. and Anthony Giaimis. Doc. 7. For the reasons discussed herein, the motion is GRANTED.

### Background

Plaintiffs instituted this suit in the 14th Judicial District Court in and for the Parish of Calcasieu, State of Louisiana, on January 13, 2013. They complain of an incident wherein defendants allegedly falsified affidavits in order to secure a search warrant and used excessive force in the execution of that warrant. Doc. 1, Att. 2, pp. 2–4.

A group of the defendants[1] removed the case to this court on February 1, 2013. Doc. 1. They submit that removal is proper as this court enjoys federal question subject matter

---

[1] The removing defendants include Calcasieu Parish Sheriff's Office, John Dugas, John Henderson, Ed Borda, Leonard Gaddy, Bert Hooper, and Robert Trahan. Doc. 1, p. 1.

jurisdiction because the allegations of the petition state a claim for relief pursuant to 42 U.S.C. § 1983.

Plaintiffs filed the instant Motion to Remand on February 25, 2013. Doc. 8. They maintain that remand is proper because this court lacks subject matter jurisdiction, and they advance a number of arguments in support.

First, plaintiffs assert that state courts have concurrent jurisdiction over Title VII claims, and thus, there is no complete federal preemption.[2] They cite at length to *Allen v. Curry*, 449 U.S. 90 (1980), wherein the United States Supreme Court recognized that state courts and federal courts have concurrent jurisdiction over claims brought pursuant to 42 U.S.C. § 1983. Doc. 8, pp. 7–9.

Second, plaintiffs contend that the petition for damages alleges only state law claims. They assert that their "well-pleaded complaint" does not allege any deprivation of a constitutional right, and as such, it does not state a claim for relief pursuant to 42 U.S.C. § 1983. Doc. 8, pp. 9–11.

Third, plaintiffs argue that remand is proper as all defendants have not consented to removal. Doc. 8, pp. 12–14.

## Law & Analysis

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

---

[2] Plaintiffs title this section of their brief "No Complete Preemption." However, the substance of this section only discusses the existence of concurrent jurisdiction. As will become evident, it appears that plaintiffs are attempting to argue that the "artful pleading" exception recognized by the United States Supreme Court in *Franchise Tax Board* and *Avco Corp.* does not apply in this instance because 28 U.S.C. § 1983 does not displace, or "completely preempt," those remedies available under state law. This argument is addressed in Section B, *infra*.

A notice of removal must also satisfy the procedural requirements for removal. *See* 28 U.S.C. § 1446(a). Any procedural defects may provide a basis for remand. *See* 28 U.S.C. § 1447(c).

Ultimately, the removing party or parties bear the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Plaintiffs make a number of arguments in support of remand, and the court will address each in turn.

### A. "Concurrent Jurisdiction" Argument

The first argument does not provide a basis for remand. Plaintiffs are not pursuing a Title VII claim. Moreover, the existence of concurrent jurisdiction has absolutely no bearing on the removability of an action to federal court. The removal of a case to federal court does not indicate in any way that the state court in which the case was filed lacked subject matter jurisdiction.

### B. Does the Petition State a Federal Claim for Relief?

Removing defendants submit this court has original jurisdiction because of the presence of a federal question. The petition alleges that defendants used "excessive force" when arresting him. Removing defendants argue that a claim of "excessive force" necessarily raises a federal question because it asks whether defendants violated plaintiffs' rights protected by the United States Constitution and is actionable per 42 U.S.C. § 1983.

Plaintiffs argue that their petition for damages does not assert the deprivation of a constitutional right. Rather, they assert that the petition alleges only state law claims. Doc. 8, pp. 9–11.

Essentially, the question for the court to resolve is whether plaintiffs have stated a federal civil rights claim upon which relief could be granted. If they have not, then the removal was improvident and remand is proper.

The petition uses the term "excessive force" on two occasions. In paragraph 7, it alleges that "various [defendants] used excess forces on the property of Bridge Point and Giaimis, again dragging Giaimis across the deck of the trailer while handcuffed." Doc. 1, Att. 2, p. 4. In paragraph 12, the petition alleges that "[a]s a result of the excess force used . . . both Bridge Point and Anthony Giaimis [were] damaged in their property, and Giaimis in his person." Doc. 1, Att. 2, p. 4. There are no other factual developments of the allegation of "excessive force" beyond these two brief mentions.

The Federal Rules of Civil Procedure provide that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than the unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, a claim must have "facial plausibility," that is, "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678

Simply put, the allegations of the petition do not state a claim, arising under federal law upon which relief can be granted.[3] The allegation of "excessive force" is completely devoid of

---

[3] The allegations of excessive force occurred during the context of an arrest, and so, presumably, a well-pleaded complaint upon which relief could be granted would invoke the protections of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). This applicable test is objective—"whether the officers' actions are 'objectively

any factual development that plausibly suggests that defendants executed the warrant in an objectively unreasonable manner. However, this is not to say that a federal claim will not rise to the fore as the litigation develops; such a federal claim was merely nonexistent at the time of removal.

Removing defendants make a number of arguments in response; however, each is unavailing in this instance.

First, removing defendants submit that the facts alleged in the petition facially state a violation of federal constitutional rights and that plaintiffs cannot avoid federal jurisdiction by artful pleading. Doc. 15, Att. 1, pp. 3–4. They direct the court to *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983), wherein the Supreme Court stated that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." When a petition pleads facts that would only support a state law cause of action, removal is nonetheless proper if federal law completely preempts the state law at issue. *Id.* at 23–24 (citing *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers*, 398 U.S. 557 (1968)). This argument does not support removing defendants' position. A section 1983 claim against a state actor is not a "necessary federal question" or corollary to a state law claim against that state actor.

Second, removing defendants invoke the language of 28 U.S.C. § 1446(c) regarding the removability of "separate and independent" claims arising under federal law in support of their argument that it is impossible to separate the federal and state claim. Doc. 15, Att. 1, p. 4. This argument does not add any additional support, because as discussed above, the petition does not state a federal claim upon which relief can be granted.

---

reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

### C. Consent of all Defendants:

Plaintiffs also argue that remand is proper because the removing defendants did not secure the consent of each defendant.  Doc. 8, pp. 12–14.

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  "[A]ll served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." *Getty Oil Corp. v. Ins. Co. of N. America,* 841 F.2d 1254, 1263 (5th Cir. 1988).  "This does not mean that each defendant must sign the original petition for removal, but there must be some <u>timely filed written indication</u> from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."  *Id.* at n.11 (emphasis added).

Defendants were all served with process on January 22, 2013.  Doc. 1, pp. 18–26.  As such, each had a right to remove the case within thirty days of receipt of service, or by February 21, 2013.  *See* 28 U.S.C. § 1446(b)(2)(B).  Moreover, it was incumbent upon those defendants that had not joined in the removal—City of Westlake, Phil Robertson, and Thomas Richmond— to file something in the record by February 21, 2013, to indicate that they actually consented to removal. *See Getty Oil*, 841 F.2d at n.11.

The first written indication does not appear in the record until removing defendants' response to the Motion to Remand on March 18, 2013.  *See* Doc. 15, Atts. 3, 4 (affidavits of counsel).   While counsel for the removing defendants specifically indicated in the Notice of Removal that he had consulted with the other defendants and/or their counsel and received their

consent [Doc. 1, p. 3], that indication was insufficient. The undersigned concludes that the notice of removal is procedurally defective, and thus, remand is appropriate on this basis as well.

Removing defendants make a number of arguments in response. Doc. 15, Att. 1, p. 4. First, they reaffirm their position that all defendants actually consented to removal. This argument is unpersuasive; the jurisprudence requires a "timely filed written indication" which was not forthcoming. Second, they submit that the existence of consent is circumstantially evidenced by the lack of any objection. Again, the jurisprudence requires a "timely filed written indication" of consent, not the *absence* of an objection on the basis of non-consent. Third, removing defendants point to the affidavits in which counsel attest that they actually consented prior to removal. The court questions whether these affidavits are sufficient as they fail to indicate that counsel represents any of the non-removing defendants. In any event, they were not "timely filed" as required. *See Spoon v. Fannin County Cmty. Supervision & Corr. Dept.*, 794 F. Supp. 2d 703, 706–09 (E.D. Tex. 2011) (compiling district court cases taking same approach to *Getty Oil*).

## Conclusion

This court does not have subject matter jurisdiction as there is no federal question present. Moreover, the Notice of Removal was procedurally defective insofar as there is no timely filed written indication that the non-removing defendants actually consented to removal. Accordingly, the Motion to Remand is GRANTED.

A separate order of remand is being issued herewith. As set forth in that order, the effect of the order will be suspended for a period of fourteen (14) days from today's date to allow the parties to appeal to the district court for review. Should either party seek review from the district

court, then the effect of this order is suspended until final resolution of the issue by the district court.

    THUS DONE this 23rd day of March, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE